# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHRISTINE M. BUSANELLI, | ) |
| | ) |
|    Plaintiff, | ) Case No. |
| v. | ) |
| | ) Ad damnum: $150,000 + fees + costs |
| SCHOUEST, BAMDAS, SOSHEA, | ) |
| BENMAIER & EASTHAM, PLLC | ) |
| | ) |
|    Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT

CHRISTINE M. BUSANELLI ("Plaintiff" or "Busanelli"), by and through her undersigned attorney, Cass T. Casper, Esq., DISPARTI LAW GROUP, P.A., brings this Complaint against Defendant SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM, PLLC (hereinafter "SBSB" or "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA"), and related claims arising from Defendant's discriminatory conduct, harassment, and unlawful termination of Plaintiff's employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and pursuant to the ADEA, 29 U.S.C. § 621, *et seq.*, as amended.

2. Plaintiff has exhausted her administrative remedies by timely filing charges of discrimination with the Equal Employment Opportunity Commission (EEOC Charge No. 440-2023-10076) and the Illinois Department of Human Rights, and has received the required notice of right to sue. *See* Group Exhibit 1 (Charge and RTS Letter).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because: (a) Defendant SBSB maintains its Chicago office and conducts substantial business operations at 1 South Wacker, Suite 3100, Chicago, IL 60606; (b) Plaintiff resides in Cook County; and (c) all of the events or omissions giving rise to these claims occurred in Cook County, Illinois.

4. This Court has personal jurisdiction over all Defendants because Defendant SBSB maintains offices and conducts business in Cook County, Illinois.

## PARTIES

5. Plaintiff Christine M. Busanelli is a 59-year-old female attorney. At all relevant times, Plaintiff was an employee of Defendant SBSB Law Firm and was qualified for her position based on her education, experience, and performance.

6. Defendant SBSB is a law firm with offices located at 1 South Wacker, Suite 3100, Chicago, IL 60606. At all relevant times, SBSB was an "employer" within the meaning of the ADEA, employing between 15-100 employees.

## FACTS COMMON TO ALL COUNTS

7. On or about August 24, 2023, Plaintiff was contacted by Shannon Block regarding potential employment with Defendant SBSB Law Firm.

8. On September 1, 2023, Plaintiff participated in a phone interview with Defendant Susan Schouest for an attorney position at SBSB Law Firm.

9. On September 7, 2023, Plaintiff attended an in-person interview with Defendant Chris Carr and Samantha Kaplan at SBSB's Chicago office.

10. During the interview, Defendant Carr made explicit discriminatory comments regarding Plaintiff's age, stating that Plaintiff "would not be happy working at the firm because [she] was so old" and that she was "too old" and "would not fit in" at the firm.

11. Later that same day, at approximately 5:12 PM, Plaintiff received an email rejecting her employment application.

12. On September 8, 2023, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC Charge No. 440-2023-10076) and the Illinois Department of Human Rights.

13. Following the filing of Plaintiff's EEOC complaint, SBSB offered Plaintiff employment at an annual salary of $130,000.

14. Plaintiff accepted the position, but Defendants deliberately delayed her start date by three weeks and one day, resulting in lost wages of approximately $8,000 and lost health insurance premium benefits of $1,200.

15. Plaintiff began her employment with SBSB on October 3, 2023. From the outset of her employment, Defendants subjected Plaintiff to ongoing discrimination, harassment, and disparate treatment based on her age, including but not limited to:

a. Denying Plaintiff parking benefits valued at $500-600 per month that were provided to younger employees;

b. Excluding Plaintiff from firm social events;

c. Subjecting Plaintiff to excessive surveillance;

d. Deliberately assigning Plaintiff difficult support staff;

e. Harassing Plaintiff through email communications;

f. Ridiculing Plaintiff regarding her age in front of colleagues;

g. Denying Plaintiff work assignments that were instead given to younger attorneys.

16. Plaintiff made multiple complaints to SBSB management regarding the discriminatory treatment she was experiencing, but no corrective action was taken.

17. Throughout her employment, Plaintiff maintained satisfactory job performance, as evidenced by written communications praising her work quality.

18. Despite Plaintiff's satisfactory job performance, Defendants continued their pattern of discrimination and harassment, creating a hostile work environment based on Plaintiff's age.

19. On March 25, 2024, Defendants terminated Plaintiff's employment in retaliation for her complaints about age discrimination and her initial EEOC charge.

20. As a direct result of Defendants' discriminatory actions and unlawful termination, Plaintiff has suffered damages including:

a. Lost wages and benefits totaling approximately $50,000;

b. Costs for medical and psychological treatment;

c. Damage to her professional reputation;

d. Impairment of future employment prospects.

21. Plaintiff has obtained evidence supporting her claims, including but not limited to:

a. Statements from Samantha Kaplan discussing age discrimination;

b. HR emails confirming worked hours;

c. Screenshots documenting surveillance;

d. Multiple witness statements, including statements from opposing counsel;

e. Written communications praising Plaintiff's work quality.

22. On December 5, 2024, Plaintiff filed an amended EEOC charge to address the continuing discrimination, harassment, and retaliatory termination she experienced during her employment with SBSB.

**COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

23. Plaintiff restates, realleges, and incorporates by reference Paragraphs 1 through 23 of this Complaint as if fully restated herein.

24. At all relevant times, Plaintiff was over 40 years of age and thus a member of the protected class under the ADEA.

25. At all relevant times, Defendant SBSB was an "employer" within the meaning of the ADEA, employing 15 or more employees.

26. Defendants discriminated against Plaintiff on the basis of her age in violation of the ADEA by:

5

a. Making explicit discriminatory comments during her interview, including statements that she was "too old" and "would not fit in";

b. Initially refusing to hire Plaintiff based on her age;

c. Denying Plaintiff employment benefits provided to younger employees, including parking benefits valued at $500-600 per month;

d. Excluding Plaintiff from firm social events;

e. Subjecting Plaintiff to heightened scrutiny and surveillance not applied to younger employees;

f. Assigning Plaintiff less favorable work conditions compared to younger employees;

g. Ridiculing Plaintiff regarding her age in front of colleagues;

h. Denying Plaintiff work assignments that were instead given to younger attorneys.

27. Defendants' discriminatory actions were willful and intentional, as evidenced by the explicit age-related comments made by Carr and the pattern of discriminatory treatment throughout Plaintiff's employment.

28. As a direct and proximate result of Defendants' unlawful age discrimination, Plaintiff has suffered and continues to suffer:

a. Lost wages and benefits;

b. Emotional distress and mental anguish;

c. Damage to her professional reputation;

d. Impairment of future employment prospects.

## **COUNT II: HOSTILE WORK ENVIRONMENT BASED ON AGE**

29. Plaintiff restates, realleges, and incorporates by reference Paragraphs 1 through 29 of this Complaint as if fully restated herein.

30. Throughout Plaintiff's employment, Defendants created and maintained a hostile work environment based on Plaintiff's age by:

a. Subjecting Plaintiff to ongoing ridicule and harassment regarding her age;

b. Isolating Plaintiff from firm activities and social events;

c. Subjecting Plaintiff to excessive surveillance;

d. Creating and maintaining working conditions designed to cause Plaintiff distress and discomfort;

e. Engaging in a pattern of harassment through email communications and other means.

31. The harassment was severe and pervasive, affecting the terms and conditions of Plaintiff's employment and creating an abusive working environment.

32. Defendants knew or should have known about the harassment, as it was perpetrated by supervisory employees including Defendant Carr, and Plaintiff made multiple complaints about the discriminatory treatment.

33. Defendants failed to take reasonable steps to prevent or correct the harassing behavior.

## COUNT III: RETALIATION IN VIOLATION OF THE ADEA

34. Plaintiff restates, realleges, and incorporates by reference Paragraphs 1 through 34 of this Complaint as if fully restated herein.

35. Plaintiff engaged in protected activity under the ADEA by:

a. Filing an EEOC charge of discrimination on September 8, 2023;

b. Making internal complaints about age discrimination during her employment;

c. Filing an amended EEOC charge on December 5, 2024.

36. Defendants retaliated against Plaintiff for engaging in protected activity by:

a. Delaying her start date by three weeks and one day;

b. Subjecting her to increased surveillance and scrutiny;

c. Creating hostile working conditions;

d. Terminating her employment on March 25, 2024.

37. There is a causal connection between Plaintiff's protected activity and the adverse employment actions, as evidenced by:

a. The temporal proximity between her initial EEOC charge and the delayed start date;

b. The ongoing pattern of retaliatory harassment following her internal complaints;

c. The ultimate termination of her employment.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christine M. Busanelli respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, and award the following relief:

1. Back pay, front pay, and all lost wages and benefits in an amount to be proven at trial, but not less than $50,000;

2. Liquidated damages under the ADEA in an amount equal to back pay and lost benefits;

3. Compensatory damages for emotional distress, mental anguish, and damage to professional reputation;

4. Punitive damages to the extent allowed by law;

5. Reinstatement to her former position, or in the alternative, front pay;

6. An injunction prohibiting Defendants from engaging in further discriminatory practices;

7. Pre-judgment interest on all monetary relief;

8. Post-judgment interest as provided by law;

9. Reasonable attorneys' fees and costs as provided by statute; and

10. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Respectfully submitted,

*/s/ Cass T. Casper*
_____
Attorney for Plaintiff

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A. (#57548)
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: cass.casper@dispartilaw.com